UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------
SHARON KEE, MICHAEL LOCKWOOD,         :
RAYMOND HEALEY, DENISE LABARDE,       :
ANGEL POLANCO, BRADLEY DUNHAM,        :
WINTRESS HALL, DESIREE ESPADA, BRUCE  :
CONNOLLY and ISMAEL ROBLES, individually :
and on behalf of all other persons similarly :
situated,                              :
                                       :
                      Plaintiffs,      :
                                       :       **ORDER**
            -against-                  :
                                       :       07 Civ. 1378 (RMB)
SAMARITAN VILLAGE, INC., and           :
JOHN DOES #1-10,                       :
                                       :
                      Defendants.      :
------------------------------------------------------------

I.   **Background**

On February 23, 2007, Plaintiffs Sharon Kee, Michael Lockwood, Raymond Healey, Denise LaBarde, Angel Polanco, Bradley Dunham, Wintress Hall, Desiree Espada, Bruce Connolly, and Ismael Robles filed the instant action individually and on behalf of all other similarly situated current and former "case manager" employees ("Plaintiffs" or "Class") of defendant Samaritan Village, Inc. ("Samaritan"), which "maintain[s] and operate[s] residential substance abuse treatment facilities," and John Does #1-10 (collectively, "Defendants"). Plaintiffs allege that they are entitled to "unpaid wages from [Samaritan] for overtime work for which they did not receive overtime premium pay" under (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. ("FLSA Claim"), and (2) New York Labor Law §§ 650 et seq. ("New York Labor Law Claim"). (See Complaint, dated February 23, 2007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2007

("Complaint").)[1]

On June 7, 2007, Plaintiffs moved for entry of an order "(1) allowing the case to proceed as a collective action [under the FLSA, 29 U.S.C. § 207], (2) directing Defendants to disclose the names and last known current addresses of current and former employees who are potential plaintiffs and putative members of the collective action class, and (3) authorizing service by mail upon potential plaintiffs of the proposed collective action notice ['Notice'] attached as Exhibit A to the declaration of William C. Rand, Esq. . . . ." (Notice, dated June 7, 2007; see Plaintiffs' Mem. of Law, dated June 7, 2007 ("Pl. Mem.").)[2] Defendants filed an opposition brief on June 22, 2007 ("Def. Mem."), and Plaintiffs filed a reply brief on July 3, 2007 ("Pl. Reply"). The parties waived oral argument.

**For the reasons that follow, the Court grants Plaintiffs' motion.**

## II.  Legal Standard

"Generally, courts proceed in two stages in determining whether a matter should be certified as a FLSA collective action." Torres v. Gristede's Operating Corp., 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 29, 2006). Plaintiffs can satisfy its initial-stage burden "by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997). "Potential class members are then notified and given an opportunity to opt-in." Torres, 2006 WL 2819730, at *7. "At the second stage, the court

---

[1] "John Does #1-10 represent the officers, directors and/or managing agents of the corporate Defendant . . . ." (Compl. ¶ 18.)

[2] The Complaint also purports to assert the New York Labor Law Claim as a class action under Rule 23 of the Federal Rules of Civil Procedure (Compl. ¶¶ 25-32), but the instant motion does not seek to certify a Rule 23 class.

examines the record again, with the benefit of discovery, and revisits the question of whether plaintiffs are similarly situated." Id..

### III.  Analysis

Plaintiffs argue, among other things, that: (1) "[t]he declarations of four of the named plaintiffs in support of the motion . . . specifically indicate that other similar employees were not paid time and one-half"; (2) Defendants should be directed to disclose the names and addresses of prospective plaintiffs because "[o]nly Defendants know the names and addresses"; and (3) "[t]he form of the proposed Notice of Lawsuit with Opportunity to Join complies with the requirements for FLSA collective action notices." (Pl. Mem. at 6; Pl. Reply at 2-3.)

Defendants counter, among other things, that: (1) "[d]iscovery is needed to determine whether the claims of the named plaintiffs are too individualized to warrant collective action treatment," and "there has been no discovery in this action" (Def. Mem. at 1); (2) "[t]he notice proposed by plaintiffs is . . . overbroad," as "[e]ach of the declarations submitted by plaintiffs . . . asserts that they were 'case managers,'" so that any notice "should be limited to those employees who were case managers during the relevant time period" (id. at 5); and (3) "the title of the Notice ('NOTICE OF LAWSUIT WITH OPPORTUNITY TO JOIN'), conveys an impression that the recipient has been found to be entitled to a benefit or to a recovery of some sort" (id.).

Plaintiffs have submitted sufficiently detailed declarations from four Samaritan "case managers" who assert, among other things, that Samaritan's case managers: did not have "managerial responsibilities" or exercise "independent business judgment"; "regularly worked more than 40 hours per week"; and "were not paid for hours worked over 40 hours in a week." (See Declaration of Sharon Kee, dated April 30, 2007; Declaration of Wintress Hall, dated May 31, 2007; Declaration of Desiree Espada, dated May 31, 2007; Declaration of Dwayne Simpson,

dated June 1, 2007.) This is "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Hoffmann, 982 F. Supp. at 261. Discovery is not a prerequisite to initial-stage collective action certification under the FLSA. See Masson v. Ecolab, Inc., 2005 WL 2000133, at *13 (S.D.N.Y. Aug 17, 2005) ("'The inquiry at the inception of the lawsuit is less stringent . . . .'" (citation omitted)).

At the same time, the Class definition proposed by Plaintiffs appears overly broad (Compl. ¶ 19 (proposing Class consisting of "all persons who are or were formerly employed by [Samaritan] at any time since February 23, 2004 to the entry of judgment in this case (the 'Collective Action Period'), who were non-exempt employees . . . ."). See Kaluom v. Stolt Offshore, Inc., 474 F. Supp. 2d 866, 875 (S.D. Tex. 2007) ("[T]he Court agrees that the class should be limited to those employees who performed the same type of work as Plaintiff . . . ."). The parties should advise the Court in writing by November 2, 2007 why the Class, for purposes of preliminary notification, should (or should not) be defined as (1) current and former employees of Samaritan who worked as case managers or in other similar non-managerial, non administrative positions, (2) who were not paid overtime compensation of one and one-half times their regular rate of pay for hours worked in excess of forty (40) per week at any time since February 23, 2004 to the entry of judgment in this case. See also Fasanelli v. Heartland Brewery, Inc., 2007 WL 2947486, at *5 (S.D.N.Y. Oct. 5, 2007 ("Specific challenges to the timeliness of the claims of certain 'opt-in' plaintiffs or the named Plaintiff can be addressed after the completion of discovery."); Ryan v. Staff Care, Inc., 497 F. Supp. 2d 820, 825 (N.D. Tex. 2007); Cuzco v. Orion Builders, Inc., 477 F. Supp. 2d 628, 631 (S.D.N.Y. 2007).

The preliminary discovery requested by Plaintiffs is also approved, and Defendants are

directed to produce to Plaintiffs, within thirty days of the date of this Order (i.e., on or before November 25, 2007), the names and last known current addresses of current and former employees who are potential plaintiffs and putative members of the Class. See Fasanelli, 2007 WL 2947486, at *5 ("Plaintiff is entitled to discovery of the names, known email addresses, and current or last known addresses of all hourly workers employed by the Defendants . . . over three years from the date of the Complaint."); Cuzco, 477 F. Supp. 2d at 636. Any disputes regarding discovery should be presented to Magistrate Judge Ronald L. Ellis.

With the proposed modification of the definition of the Class noted on page 4, above, the Class Notice proposed by Plaintiffs would be satisfactory. (See Notice of Lawsuit and Consent to Sue forms attached as Exhibits A and B to the Declaration of William C. Rand, dated June 7, 2007.) The parties are directed to submit, within twenty days of the date of this Order (i.e., on or before November 14, 2007), a joint proposed Notice. See Harris v. Healthcare Services Group, Inc., Civ. No. 06-2903, 2007 WL 2221411, at *5 (E.D. Pa. July 31, 2007).

### IV.  Conclusion and Order

For the foregoing reasons, the Court grants Plaintiffs' motion [25].

Counsel (and principals) are directed to participate in a scheduling/settlement conference on Monday, November 19, 2007, at 10:30 a.m., in Courtroom 21D, 500 Pearl Street, New York, New York. **The parties are directed to engage in good faith settlement negotiations prior to the conference.**

Dated: New York, New York
October 25, 2007

_____
RICHARD M. BERMAN, U.S.D.J.